USCA1 Opinion

 

 [NOT FOR PUBLICATION]  For the First Circuit ____________________ No. 97-9003 ____________________ IN RE: STEVEN J. TENOFSKY, DEBTOR ____________________ SAMUEL PERLMAN AND HERBERT RUBIN, TRUSTEES OF H.D.S. REALTY TRUST, AND JOSEPH BRAUNSTEIN, TRUSTEE OF ESTATE OF STEVEN J. TENOFSKY, Plaintiffs, Appellees, v. STEVEN J. TENOFSKY, Defendant, Appellant. ____________________ No. 97-9004 ____________________ IN RE: STEVEN J. TENOFSKY, DEBTOR ____________________ JOSEPH BRAUNSTEIN, Appellee, v. STEVEN J. TENOFSKY, Appellant. ______________________ APPEALS FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE FIRST CIRCUIT ____________________ Before Selya, Circuit Judge, Aldrich and Coffin, Senior Circuit Judges. ____________________ Stephen F. Gordon for appellant. John  M.  Timperio with whom Mark  N.  Berman was on brief for appellees. ____________________ September 26, 1997 ___________________ Per  curiam. Appellant Steven J. Tenofsky claims that he wrongly was denied a discharge in his Chapter 7 bankruptcy case based on his failure to maintain recorded information from which his financial condition could be ascertained. See 11 U.S.C. S 727(a)(3). The bankruptcy judge's conclusion that appellant's records were inadequate and incomplete was affirmed by the First Circuit Bankruptcy Appellate Panel. Having reviewed the record, we find ourselves in full agreement with the reasoning expressed in the panel's thorough opinion, and also affirm. We add only the following brief comments. First, appellant's counsel emphasized at oral argument that the bankruptcy judge could not possibly have reviewed the 3,000 pages of information contained in Mrs. Tenofsky's records during the thirty-minute recess between the conclusion of trial and her ruling, and that she therefore failed to consider carefully all of the evidence before rendering a decision. The judge, however, had ample time to review the nature of the material contained in Mrs. Tenofsky's records, and to make a judgment that it did not fill the gaps about which she was concerned. That the judge did not refer to the records in her bench ruling speaks to their relevance, not to her lack of consideration of them.  Second, we may set aside the bankruptcy court's application of the law to the facts only if we detect clear error in its assessment of the facts, use of an erroneous legal standard, or an error or abuse of discretion in applying the law to the facts.  See In  re  DN  Associates, 3 F.3d 512, 515 (1st Cir. 1993). The -3- bankruptcy court here used the correct "case-by-case analysis, taking into account the particular facts and circumstances of the debtor's case," In re Ridley, 115 B. R. 731, 733 (Bankr. D. Mass. 1990). The judge's evaluation of the facts was informed by her view of appellant's credibility, "a key element" that she was in the best position to assess. See id. We find neither error nor abuse. If appellant had a fighting chance to persuade the bankruptcy judge, and, though "weak, indeed almost hopeless, [but not] frivolous" before the appellate panel, Lallemand v. University of Rhode Island, 9 F.3d 214, 217-18 (1st Cir. 1993), the case surely has lost all merit at this stage. We therefore order appellant to show cause, within ten days from the issuance of this opinion, why we should not award double costs to appellee. See Fed. R. App. P. 38.  Affirmed.  -4-